## SUPREME COURT.

### JOSEPH H. RAMSEY agt. THE ERIE RAILWAY COMPANY and others.

A defendant is not obliged to make a motion, to vacate an *injunction order*, before the judge who granted it. If he notices it for the first special term of the court, where it can be properly and regularly heard, it is sufficient.

Where an *injunction order* is granted *ex parte*, the defendant cannot *appeal* from it. He is compelled to make a motion to vacate it, or submit to it.

If a *complaint* does not state facts sufficient to show that the plaintiff has such an interest in the controversy, as entitles him to the relief demanded therein, he is not entitled to an *injunction*.

*Held*, in this case, that the plaintiff has not shown, by his complaint, that he has any standing in court, as a creditor or bondholder or stockholder of the Erie Railway Company—the defendants, so that he could have a *receiver* or *referee* appointed *ex parte* in the action.

It is now pretty well settled, that a *receiver* of a railroad corporation, cannot be properly appointed in an action brought by a stockholder or a creditor *who has no judgment*.

Also, that the *directors* of the corporation, acting in good faith, have power to issue convertible bonds in the name of the corporation for the amounts they may borrow to complete and finish, or to operate the road, with the right to authorize their conversion into stock; although it increases the amount of capital stock beyond that fixed by the charter. Consequently the right of the directors to *issue stock in conversion of such bonds*, is clear.

No authority is conferred by the statutes (3 *R. S.*, 5 ed., 762, §§ 40-43 ; 2 *id. 1st ed.*, 462, § 33, § 36) upon a stockholder of a corporation, to maintain an action for the removal or suspension of a *director*.

No officer of a corporation should be suspended from exercising his office, except upon *clear and positive proof*.

The power of a court of equity to issue *preliminary injunctions* ought to be exercised with extreme caution, and applied only in very clear cases. They ought not to be awarded in *doubtful* cases, or in *new* ones not coming within well established principles.

*It seems*, that in order to prevent conflicts in decisions and orders of different judges, and to protect corporations and their officers against suspensions and injunctions that may be procured *ex parte*, for sinister purposes, and which cannot be sustained, the legislature should adopt a law of the United States (so far as corporations and their directors are concerned) which provides that " No injunction shall be granted in any case, without *reasonable previous notice* to the adverse party or his attorney, of the *time and place of moving for the same*."

*It seems also*, that it is a good ground for vacating an injunction. granted *ex parte*, where it is believed that the plaintiff or his attorneys, or some person interested for him, have caused an improper interference of the *press* in the case, to aid the plaintiff and prejudice the defendants *with the courts*. .

*Broome Special Term*, 1869.

*Argued December* 21, 1869.   *Decided December* 25, 1869.

MOTION by defendants for an order vacating an injunction and orders granted by a justice of this court, without pre-vious notice to the defendants, at a special term of this court, at Delhi, in the county of Delaware, on the 23d day of November, 1869.

The plaintiff states in his complaint: That he is a creditor of the Erie Railway Company, hereinafter mentioned, and the owner and holder of a past due claim for money, against and legally payable by said company; that he is the owner of several $1,000 bonds, duly made and issued by said com-pany, and known as "Buffalo branch of the Erie Railway Company bonds," of which large numbers are outstanding in the hands of numerous holders; and is also the owner of several bonds, duly made and issued by said company, known as its "Sterling Bonds," of which bonds there are thus made and issued and outstanding in the hands of very numerous holders, about ten thousand in number, of the par value of about $5,000,000 in all, said sterling bonds being of the denomination of $500, (or £100 sterling each). And said sterling bonds are especially imperilled, and the pay-ment of interest on the same is made precarious by reason of the wrongful acts hereinafter mentioned; and is also the owner of several bonds hereinafter mentioned as fifth mort-gage bonds, of which about one thousand are outstanding, of the denomination of $1,000 each, in the hands of nume-rous holders, and said bonds have their market value greatly impaired, and the future payment of interest thereon made uncertain by reason of said wrongful acts; and is also the owner of several shares of the "preferred" capital stock of

Ramsey agt. the Erie Railroad Co.

said company, entitled to be standing in his name on the books of said company, and of the right to receive dividends thereon, of which entire stock, hereinafter referred to, there are numerous certificates for portions thereof outstanding in the hands of a very great number of owners and holders, and the past payment of dividends on said stock has been defeated, and the future earnings and payment of dividends on the same have been made, and are now, doubt ful, and the value of which has been impaired, by reason of said wrongful acts; and is also the owner of several shares of the common capital stock of said company, so in like manner entitled to be standing in his name, of which stock there are also very numerous owners and holders, and the value of which has been greatly reduced, and the payment of dividends upon which has been made, for a long time at least, almost hopeless by said wrongful acts; and there are numerous other floating creditors of said company, most of whose claims are made less valuable by said acts, and the plaintiff brings this suit on his own behalf and on behalf of all others of the said stockholders and bondholders (so far as said stockholders are entitled to be heard herein), and on behalf of all creditors of said company who shall join in and become parties to this action, and contribute to the expense thereof.

And for a cause of action against the defendants, the plaintiff on information and belief, further states the several grounds of action at large, comprising about 340 folios.

Upon which complaint, and the affidavits of Ossian D. Ashley, Charles W. Douglass, Jackson S. Schultz, and the plaintiff, Joseph H. Ramsey, together with a letter of A. S. Diven, the three following orders were granted, on the same day—*ex parte*, to wit.:

At a special term of the supreme court of the state of New York, held at the village of Delhi, in the county of Delaware, on the 23d day of November, 1869:

*Present,*—Hon. WILLIAM MURRAY, Jr., *Justice.*